LEMMON, Judge
(concurring).
Residence and intention are the two essential factors in the determination of domicile.
I dissented in Charbonnet v. Hayes, supra, an election case, on the basis that there was sufficient evidence of both intention and physical presence to satisfy the domiciliary qualifications for representative office, the purpose of which in my opinion is to insure that the person elected has sufficient contacts with the election district so as to be an effective spokesman for that district as part of our representative form of government.
In this case virtually all of Mr. Slater’s evidence (voter registration, vehicle and boat registration, occupational license and other documents issued in accordance with information supplied by him) relates to his intention to maintain his domicile in Pla-quemines Parish. There was virtually no evidence as to any appreciable physical presence there, not even for business or recreational activities.[1] I therefore concur that the evidence preponderates in favor of the conclusion that Mr. Slater is not domiciled in Plaquemines Parish.

. He had no office in Plaquemines and wasn’t even there during business hours. His yacht, used for business and recreational purposes, was kept in New Orleans when in Louisiana.